CHAFFEE (GOODYEAR v.). See Case No. 5,564.

CHAFFEE (MAY v.). See Case No. 9,332.

CHAFFEE v. N. E. CAR-SPRING CO. See Cases Nos. 3,685–3,687.

CHAFFEE (UNITED STATES v.). See Cases Nos. 14,771–14,774.

---

## Case No. 2,572.

### CHAFFIN v. ST. LOUIS et al.

[4 Dill. 19.] [1]

Circuit Court, E. D. Missouri. Dec. 18, 1876.

INJUNCTION TO STAY PROCEEDINGS IN A COURT OF A STATE—CORPORATIONS—SUIT BY STOCKHOLDER.

The federal courts are prohibited, except in certain cases in bankruptcy, from granting "the writ of injunction to stay proceedings in any court of a state" (Rev. St. § 720): and in this case such injunction was refused at the instance of a stockholder in a corporation where the state court had determined the questions sought to be litigated in a suit against the stockholder's corporation, without objection from the stockholders.

[Cited in Hutchinson v. Green, 6 Fed. 838. Explained in Dillon v. Kansas City S. B. Ry. Co., 43 Fed. 113.]

On motion for a temporary injunction Edwin Chaffin, a citizen of the state of Massachusetts, and the owner of one hundred and twenty-five shares of the capital stock of the St. Louis Gas Light Company. files his bill of complaint on behalf of himself and all other stockholders of said company against the city of St. Louis, the St. Louis Gas Light Company, and each of the directors thereof, as also the Laclede Gas Light Company. The bill purports to be brought for the purpose of removing a cloud upon the title of defendant to his stock in the St. Louis Gas Light Company, which has been created and caused, as is alleged. by the unlawful and unauthorized acts of the directors of the company in making and entering into certain contracts, dated, respectively, 1846 and 1873. as also for an injunction to prevent further threatened injury by the recognition of those contracts by the directors of said company—the first with the city of St.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Louis, and the other a tripartite contract between the St. Louis Gas Light Company, the city of St. Louis, and the Laclede Gas Light Company. The relief sought is the cancellation by decree of court of the alleged illegal and unauthorized contracts, as also the restraining of defendants, during the pendency of this suit, from doing any further acts prejudicial to complainant's interest, or making further claim to any rights under said illegal contracts, and particularly to restrain the directors from in any manner recognizing or ratifying the illegal contracts heretofore made, or from making settlements based thereon, and that the Laclede Gas Light Company be restrained from exercising any of the rights or privileges claimed by it under said "tripartite agreement" of 1873; as also that the city of St. Louis be restrained and enjoined from further claiming rights or title under said pretended contracts until this suit is heard and determined.

Frank J. Bowman and James O. Broadhead, for the motion.

Leverett Bell, contra.

DILLON, Circuit Judge. This cause is before me on a motion by the complainant, a single stockholder in the St. Louis Gas Light Company, for a temporary injunction. On a preliminary application of this character, it is not advisable to express any opinion upon the rights of the city or of either of the gas companies, except so far as may be necessary to decide the application. It appears from the bill and exhibits, that in 1870 the city of St. Louis, as plaintiff, commenced a suit in the St. Louis county circuit court against the St. Louis Gas Light Company, to enforce, inter alia, an alleged right to purchase the works and property of that company, under the charter thereof, and the fifth clause of the contract between the city and the gas company, dated January 9th, 1846, which clause undertook to give to the city the right to make such purchase beyond the end of twenty-five years from January 1st, 1840, viz.: at the end of every five years thereafter.

On the 28th of February, 1873, the so-called tripartite agreement was made between the city and the two gas companies, which undertook to settle and compromise their respective disputes—dividing the territory to be lighted between the two gas companies, and containing stipulations as to furnishing the city with gas, and the price thereof, until January 1st, 1890, if the said gas companies shall so long exist. This contract also contained an agreement between the city and the St. Louis Gas Light Company that the litigation between them shall cease, and all suits pending between them are to be dismissed, and all causes of action between them be considered settled. Afterwards an amended and supplemental bill was filed by the city against each of the companies, still seeking to enforce its right to purchase the property of the St. Louis Gas Light Company, and insisting upon the validity of the contract in that respect made in 1846, and upon the invalidity of the tripartite agreement of 1873.

The Laclede Gas Light Company answered, insisting upon the validity of the contract of 1873, under which it had acted and expended large sums of money. The answer of the St. Louis Gas Light Company denied the validity of the above mentioned fifth clause of the contract of 1846, giving the city the right to purchase beyond the year 1865, and insisted upon the validity and binding force of the compromise contract of 1873. On the 1st day of June, 1876, an interlocutory decree was entered in the suit by the state court, holding that the contract of 1846 was valid and the contract of 1873 was not binding or effectual to defeat the right of the city to purchase the property and works of the gas company.

That court accordingly decreed a specific performance of the contract of 1846; that is, decreed that the city had the right to purchase the property and works of the company, appointed commissioners to ascertain the value, placed the property in the hands of a receiver, and perpetually enjoined the St. Louis Gas Light Company from manufacturing or selling gas in St. Louis. Now, after all this had been done, the complainant herein, Mr. Edward Chaffin, in the right of a stockholder in the St. Louis Gas Light Company, filed the present bill in the circuit court of the United States against the city, and the Laclede Company and his own company and the directors thereof, the prayer of which appears in the statement of the case.

Without pronouncing upon the validity of the contracts of 1846 and 1873, there are several reasons why the injunction asked cannot be allowed:

1. The plaintiff does not inform us when he became the owner of his stock, nor show that he has not, all along, been aware of the proceedings in the state court, and just what was being done and omitted to be done therein. By the answer his company denied the right of the city to enforce the purchase, and there is no evidence before me that the directors did not resist to the best of their ability the claim of the city to enforce a purchase of the property. On the plainest principles, a stockholder who stands by, awaiting the result of a litigation, cannot, on that result proving unfavorable to his company, draw the litigation into another court in a suit between himself and the litigants in the state court. If such a rule had its foundation in the law, there would be no end to a suit against a private corporation, so long as any one or more stockholders should see fit to re-litigate the same controversy in their own names. So far as an injunction is sought on

the ground that the directors of the St. Louis Gas Light Company did not resist the right of the city to make a compulsory purchase of its works and property, it is not sustained by the record of the cause, so far as it has been called to my attention.

It is also urged as a ground for the injunction, that the directors ought to have insisted in the state court that the contract of 1873 was invalid, whereas, in the answer filed, they maintained its validity. However this may be as to the duty of the directors, it is plain that no injury has been wrought thereby to the complainant, for the state court decreed in this regard in accordance with the view for which the complainant contends.

2. The complainant has amended his prayer for an injunction by striking out the words which ask that the city be enjoined "from further prosecuting its said · suit" in the state court, but notwithstanding this, it is evident that to grant the injunction sought, would, if it were effectual for any purpose, be so only because it would in some way interfere with the progress of the litigation in that court. This a federal court is prohibited from doing directly, for the Revised Statutes of the United States (section 720) enact that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state." And on the case made by the bill, it is not justified in doing this indirectly, at the instance of a stockholder. Memphis v. Dean, 8 Wall. [75 U. S.] 64; Peck v. Jenness, 7 How. [48 U. S.] 612. The motion for the allowance of a provisional injunction is denied.

[NOTE. For decision disallowing exceptions taken by complainant to the answer to the amended bill of complaint, see Case No. 2,573, next following.]