RUGGLES, The (HARDY v.). See Case No. 6,062.

RUGGLES (PROUTY v.). See Case No. 11,-447.

## Case No. 12,120.

### RUGGLES v. SIMONTON.

[3 Biss. 325; 7 West. Jur. 131.] [1]

Circuit Court, W. D. Wisconsin. Sept. Term, 1872.

COURTS—JURISDICTION TO RESTRAIN STATE OFFICER—RULE IN BANKRUPTCY.

1. The United States courts have not jurisdiction to restrain a sheriff from selling under an execution issued from a state court.

2. The state court having first obtained jurisdiction of the property, its control is exclusive of this court. Other claimants must try their rights in that tribunal.

[Cited in American Ass'n v. Hurst, 7 C. C. A. 598, 59 Fed. 4.]

3. This rule does not apply to proceedings against bankrupts, which rest upon different grounds.

The complainants, as mortgagees of the real and personal property, rolling stock, furniture and fixtures of the Southern Minnesota Railroad Company, in trust, for securing the payment of the bonds of the said company, filed this bill to enjoin the defendant Simonton, the sheriff of the county of La Crosse, from selling certain cars and furniture of the railroad company, which he had seized and levied upon within his county, by virtue of an execution issued out of the state circuit court upon a judgment in favor of the other defendants herein, in a suit prosecuted by them, against the said railroad company, in said court, which were alleged in the bill to be covered by the mortgage of the railroad company to the complainants. Upon filing the bill, an ex parte order was granted, staying the sheriff from selling under the execution, until the argument of the motion for an injunction, notice of which was given with the subpœna. Demurrer to bill for want of jurisdiction, and motion to set aside order.

Hugh Cameron, for complainants.

Guy C. Prentiss, for defendants.

This property in dispute having been in the custody of the defendant Simonton, as sheriff, under legal powers from the state court, was in the custody of the law, and entirely under the control of the state court. This court has no jurisdiction over the same. Opinion of Judge Davis in case of Watson v. Jones, 13 Wall. [80 U. S.] 737; Buck v. Colbath, 3 Wall. [70 U. S.] 341; Hagan v. Lucas, 10 Pet. [35 U. S.] 400; Taylor v. Carryl, 20 How. [61 U. S.] 594; Freeman v. Howe, 24 How. [65 U. S.] 450; Peck v. Jenness, 7 How. [48 U. S.] 612; Payne v. Drewe, 4 East, 523; Evelyn v. Lewis, 3 Hare, 472; Noe v. Gibson, 7 Paige, 513; Northern Ind. R. Co. v. Michigan Cent. R. Co., 15 How. [56 U. S.] 233. This court has not jurisdiction of these parties. Jobbins v. Montague [Case No. 7,329]; Hendesson v. Ridgeway, 17 How. [58

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 West. Jur. 131, contains only a partial report.]

U. S.] 424; Picquet v. Swan [Case No. 11,-134]; Toland v. Sprague, 12 Pet. [37 U. S.] 300; Buchanan v. Rucker, 9 East, 191. The plaintiffs are not parties to the payment while they seek to enjoin. Payne v. Niles, 20 How. [61 U. S.] 219; Williams v. Byrne [Case No. 17,718]. This court has not jurisdiction to enjoin proceedings in the state courts. Ex parte Cabrera [Case No. 2,278]; City Bank of New York v. Skelton [Id. 2,739]; Platt v. Jerome [Id. 11,217]; Sawyer v. Gill [Id. 12,-399]; Brown v. Swan, 10 Pet. [35 U. S.] 497; Wynn v. Wilson [Case No. 18,116]; Marshall v. Beverly, 5 Wheat. [18 U. S.] 313. A mortgage for future advances is only good as between the parties. Craig v. Tappin, 2 Sandf. Ch. 78; Farmers' Loan & Trust Co. v. Commercial Bank, 15 Wis. 424.

HOPKINS, District Judge. The motion of the defendants to set aside said order has been very elaborately argued by the learned counsel for the respective parties, embracing a full discussion of all the main questions presented in the bill. The conclusions arrived at obviate an extended notice of all the questions discussed.

The counsel for the complainant relied upon the case of Pennock v. Coe, 23 How. [64 U. S.] 117, as analogous, and as sustaining the right of the complainants to the relief sought. That case presents very much the same questions as this, except that in that case the property had been levied upon by the marshal of that court, and by virtue of its process, instead of by the sheriff of a state court, which the defendants' counsel insists distinguishes it from this case, and renders it inapplicable, and not authoritative upon the leading point raised by him here.

If this court has the right, within the legitimate exercise of its jurisdiction, to restrain the sale of property in the possession of a sheriff, under execution from a state court, to the same extent as it has to restrain the marshal from selling under process from this court, then I think that case decisive of this. It holds that a mortgage is valid upon after-acquired property; that such mortgage takes effect upon such property when put upon the road; that a bill in equity to restrain the sale of a portion of the mortgaged property is a proper remedy by trustees under such a mortgage, and also that a remedy at law in such a case is not adequate.

But conceding all these questions relating to the merits of the case to have been decided in that case in favor of the complainants, the important question raised in this, as to whether this court has the right to enjoin the sheriff of the state court from selling property held by him upon an execution issued out of the state court, was not, in that case, presented nor decided, and its solution depends upon different principles than those passed upon in that case. Replevin would not lie in this court to take the property in controversy out of the possession of the sher-

iff. Freeman v. Howe, 24 How. [65 U. S.] 450.

But it is argued that trespass will lie in this court against the sheriff for illegally taking the property, which is undoubtedly the case, and that a bill in equity may be maintained in any case to restrain the tortious act, when trespass will lie where the injury would be irreparable. Such is undoubtedly the general rule, and it is equally true as a general rule that replevin will lie where trespass will; yet the court, in Freeman v. Howe, supra, hold that replevin would not lie in this court in such a case as this.

In this cause, as in replevin, the question of the conflict of jurisdiction between the state and federal courts is presented. The officer of the state court has the possession under the process of the state court, and is required to execute it by a sale, and is amenable to the state courts for its non-execution. His possession is deemed the possession of that court—a court of concurrent jurisdiction with this, and whose jurisdiction first attached by the seizure of the property upon its process. But it is said that the process only authorized him to take the property of the railroad company, and that he had no authority from the court or its process to take complainants' property, which is true; but that involves the right to hold the property under the process until the question of the right is determined, which can alone be decided by the state court, without producing an extremely hazardous conflict of jurisdiction in the administration of justice. Taylor v. Carryl, 20 How. [61 U. S.] 583. It is said in Peck v. Jenness, 7 How. [48 U. S.] 625, "that neither (state nor federal) court can take the property from the custody of the other, by replevin or any other process;" and in Freeman v. Howe, supra, that "in order to avoid unseemly collisions between them, the question as to which authority should for the time prevail, did not depend upon the rights of the respective parties, to the property seized, but which jurisdiction had first attached by the seizure and custody of the property under its process;" and in Hagan v. Lucas, 10 Pet. [35 U. S.] 400, the court say, "Property once levied upon remains in the custody of the law." The principle deducible from these cases is, that a seizure or manual occupation by an officer of a state court, by virtue of the process of a state court cannot be disturbed by the federal court or its officers, in order to try the rightfulness of the taking or possession.

The case of Buck v. Colbath, 3 Wall. [70 U. S.] 335, does not lay down a different doctrine. It simply holds that trespass can be maintained in state courts against a marshal for wrongfully taking the property of a third party upon an execution, that the process does not protect him in such a case, as it only directs him to take the property of the defendant in the writ. That decision is not in conflict with the other decisions of the court

herein before referred to, as in such an action there is no interference with the possession of the property attached, and in that case it is remarked that the principle of non-interference with the possession of an officer of another court, "is essential to the dignity and just authority of every court, and to the comity which should regulate the relations between all courts of concurrent jurisdiction. That whenever property has been seized by an officer of the court by virtue of its process the property is to be considered as in the custody of the court, and under its control for the time being, and no other court has a right to interfere with that possession, except a court of supervisory authority."

Such being the settled doctrine of the federal courts, upon what principle can it be maintained that they can interfere by injunction with the execution of the process of state courts? An injunction restraining the sale is an interference with the possession, and is the assertion of a right of control over the property in the custody of another and independent court of concurrent jurisdiction, as derogatory to its dignity and authority as a manual taking would be.

While property remains in the custody of a court, taken by virtue of its process, that court must have the exclusive control of it, especially as against a court of another jurisdiction. This is absolutely essential to the harmonious exercise of our intricate system of state and federal jurisprudence.

If this court can interfere by injunction to restrain the execution of the process of the state courts, the state courts can retaliate and enjoin parties from proceeding in this court, and in that way defeat absolutely the right of suitors to proceed in any court. Such a state of things would be intolerable, and to avoid such conflict the federal and state courts should refrain altogether from interfering with the possession of property in the custody of the other, and from all attempts to control or investigate the right to hold such possession, as their judgments could not be enforced, if differing from those of the court having the custody, without bringing on the conflict so much to be deprecated.

The act of congress of March 2, 1793 (1 Stat. 335, § 5), forbids the granting of an injunction to stay proceedings in a state court. This, as construed in Diggs v. Wolcott, 4 Cranch [8 U. S.] 178; Watson v. Jones, 13 Wall. [80 U. S.] 679; and Peck v. Jenness, supra, is conclusive against the authority of this court to grant an injunction to stay the sale of the property by the sheriff upon the execution by virtue of which he seized and holds it. A sale by a sheriff upon execution of property seized by him is a "proceeding" in the state court within the meaning and prohibition of the act above mentioned. As this point is fatal to the continuance of the order staying proceedings, the motion of defendant is granted and the order set aside

and vacated. The right of United States district courts sitting in bankruptcy to stay proceedings in suits against the bankrupt and his property rests upon other grounds which are not necessary to be stated here.

This decision may result in the dismissal of the bill upon the defendant's demurrer, unless under the general prayer for other relief, the court can enter a decree other than of perpetually enjoining the sheriff from selling upon the execution.

NOTE. Where the supreme court of a state has taken judicial control of the property and franchises of a corporation, and ordered their sale, they cannot be taken in execution by process from any other jurisdiction. Fox v. Hempfield Railroad Co. [Case No. 5,011]. For a discussion of this principle as applied to admiralty jurisdiction, see The Celestine [Id. 2,541], and cases there cited. An assignee in bankruptcy cannot maintain an action in a federal court against a state sheriff to recover property taken by him upon attachment duly issued out of a state court before the commencement of bankruptcy proceedings. Johnson v. Bishop [Id. 7,373]. The sheriff's possession is that of the court of which he is an officer, and no other court will interfere as long as the proceedings are pending. Id. As to the respective rights of the assignee and claimant under state proceedings. consult the recent decision of the supreme court, Marshall v. Knox [16 Wall. (83 U. S.) 551]. October, 1873, where it is held that the assignee cannot interfere with the possession of goods taken under execution, nor under claim of right either of property or possession, nor can such claimant or officer be brought within the jurisdiction of the court of bankruptcy by summary process.