## Case No. 17,278.

### WATSON v. BONDURANT et al.

[2 Woods, 166; 3 Cent. Law J. 398.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

REMOVAL TO STATE COURT — JUDGMENT OF STATE COURT—RESTRAINING EXECUTION.

Where a citizen of one state filed a petition in a court of the state of which he was a citizen, against a citizen of another state, to restrain the execution of a judgment obtained in the state court by the latter against the former,

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 3 Cent. Law J. 398, contains only a partial report.]

such cause was removable to the federal court under the act of March 3, 1875, notwithstanding the fact, that the federal courts were prohibited by section 720, Rev. St., from granting an injunction to stay proceedings in a state court.

[Cited in Pratt v. Albright, 9 Fed. 639.]

In equity. Heard upon motion to dissolve injunction. The case was commenced in the district court for the parish of Tensas, and was removed to this court under the act of March 3, 1875, being the "Act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts and for other purposes." 18 Stat: 470. The case belonged to the equity side of the court. The defendant [Ella F. Bondurant] having recovered in the parish court a judgment against Albert Bondurant, John Bondurant and Horace Bondurant, which was declared to be executory and ordered to be executed on certain lands, in the judgment specifically described, a fieri facias was issued on said judgment and put in the hands of the sheriff of Tensas parish, who was about to execute the same by seizing and selling the property described in the judgment, when the complainant in this action [Frank Watson], claiming to be the owner and in possession of the said lands, filed his petition in the district court of the parish, praying an injunction to restrain the plaintiffs in the judgment, and the sheriff from seizing and selling the said property on the writ of fieri facias aforesaid. The state court allowed the injunction, and the defendant being, as she claimed, a citizen of Mississippi, and the complainant a citizen of Louisiana, removed the cause to this court and moved to dissolve the injunction allowed by the state court. This motion was met by the objection, that the cause was improvidently removed to this court, and, therefore, this court had no jurisdiction to dissolve the injunction or take any other order in the case except to remand it to the state court.

Samuel R. Walker and C. L. Walker, for the motion.

E. T. Merrick, contra.

[The following authorities, among others, were cited, viz.: Rev. St. § 720: Bank v. Turnbill, 16 Wall. [83 U. S.] 190; Freeman v. How, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 341; Taylor v. Corry, 20 How. [61 U. S.] 584; Watson v. Jones, 13 Wall. [80 U. S.] 719, 720; Rector v. Ashley, 6 Wall. [73 U. S.] 142; Riggs v. Johnson Co., Id. 187; Supervisors v. Durant, 9 Wall. [76 U. S.] 418; Diggs v. Wolcott, 4 Cranch [8 U. S.] 179; French v. Hay, 22 Wall. [89 U. S.] 234, 253.] [2]

WOODS, Circuit Judge. The main controversy arising on this motion is, whether the case is one which can be properly removed from the state court to this court. The de-

2 [From 3 Cent. Law J. 398.]

fendant appears very clearly to be a citizen of the state of Mississippi, and the complainant a citizen of the state of Louisiana. The case is a suit of a civil nature and of equitable cognizance. It therefore falls expressly within the terms of section 2 of the act of March 3, 1875. But counsel for the complainant say, that the purpose of the suit being to procure the allowance of an injunction to stay proceedings in a state court, it does not belong to the class of cases that can be removed, because a court of the United States is forbidden by section 720, revised statutes, to grant such an injunction. As the act of March 3, 1875, is broad enough to embrace this case, providing as it does in section 4, that all injunctions had in the suit before its removal shall remain in full force and effect until dissolved or modified by the court to which the suit shall be removed, and as the act makes no exception of cases brought in a state court to enjoin proceedings in a state court, and, finally, as the act of 1875 is subsequent in date to the revised statutes, I am of opinion, that the case is one properly removeable, and that it has been properly removed into this court. I am not, however, as yet satisfied that the injunction ought to be dissolved. The ground on which the dissolution is urged is, in effect, that the petition does not make a case for the writ of injunction. It seems to me, that the averments of the petition, uncontradicted as they are by this motion, are sufficient to show that the fieri facias ought to be enjoined. I will, therefore, suspend action on the motion until the defendant either answers the bill or makes such further showing as will justify the court in granting the motion.