## Case No. 9,765.

### MOORE et al. v. HOLLIDAY et al.

[4 Dill. 52.][1]

Circuit Court, E. D. Missouri. 1876.

TAXATION — RAILROAD PROPERTY — CONSTRUCTION OF CHARTER — INJUNCTION TO RESTRAIN SUIT IN STATE COURT.

1. The judgments of the supreme court of Missouri construing the charter of the Hannibal & St. Joseph Railroad Company as to the taxation of the company's property, adopted and followed.

2. An injunction to restrain suits in the state courts for the collection of taxes, denied.

3. Under special circumstances, a temporary injunction to restrain the collection of retrospective taxes on the company's property. for all the years between 1860 and 1871, was allowed.

This is a bill [by Lewis H. Moore and others against Thomas Holliday, state auditor, and

---

[1] [Reprinted from 4 N. B. R. 242 (Quarto, 71), by permission.]
[2] [Reported by John A. Hayward, Esq., and George C. Hazelton, Esq.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

others] for injunction and relief. On motion, on the bill, for a temporary injunction.

Mr. Carr, for plaintiffs.

Mr. Henderson and others, for defendants.

DILLON, Circuit Judge. This is a bill by stockholders of the Hannibal & St. Joseph Railroad Company against the state auditor and various counties and municipalities along the main line of the road, and along the Cameron & Kansas City Branch, to restrain the collection of various taxes—state, county, school, and municipal—amounting to several hundred thousand dollars. Upon an examination of the bill, and consideration of the arguments of counsel, the following are the conclusions to which I am brought:

1. So far as the bill rests upon the proposition that section 3 of the act of September 20th, 1852, makes the mode of ascertaining the value of the road and property of the company (viz.: by the sworn statement of the president of the company), a legislative contract which cannot be altered by subsequent legislative provision, my opinion is that the proposition is unsound. The supreme court of Missouri has expressly so decided in Missouri v. Hannibal & St. Joe R. Co. [60 Mo. 143], and in the case of Livingston Co. v. Hannibal & St. Joe R. Co. [Id. 516], at the May term, 1875. That court there approves and follows the decision of the supreme court of the United States in the case of Bailey v. Maguire, 22 Wall. [89 U. S.] 215.

I am inclined to think that it is impossible to make any solid distinction between the Bailey Case and the present case, as respects the point under consideration. By the supreme court of Missouri it is held that, under the above-mentioned section 3 of the act of September 20th, 1852, the property of this railroad company is exempt from taxation for county purposes, but not from taxation for municipal, school, or other local purposes. Livingston Co. v. Hannibal & St. Joe R. Co. (May term, 1875), and prior cases there cited. This view I adopt and follow. But as respects Clay and Clinton counties, situated on the so-called branch, my opinion is that they are not within the operation of the said section 3 of the act of 1852, and other statutes applicable to the subject.

2. So far as the bill in this case asks to enjoin suits already brought and now pending in the state courts, to enforce the collection of any of the taxes complained of, it is sufficient to remark that an express statute of the United States has prohibited such interference, since the act of March 2, 1793, re-enacted in section 720 of the Revised Statutes.

3. So far as the bill seeks to enjoin the taxes for 1874, by reason of the alleged illegal action of the board of equalization under the act of March 15, 1875 (Laws 1875, p. 113), my opinion is that the bill presents no sufficient grounds for the allowance of the writ of injunction. By that act the state board was made an assessing as well as an equalizing body.

4. But, as to the taxes for 1873, the bill makes just such a case as was made in several cases in this court in respect of the taxes for that year against the Iron Mountain and other companies, and where this court (Miller, Dillon, and Treat, JJ., concurring) made an order for the allowance of an injunction on the companies paying to the proper officers by a short day the amount of taxes which would be due on the basis of the valuations fixed by the county courts. If such payment was made, we would enjoin the excess pending the determination of the question. If not made, the injunction would be denied. Parmley v. St. Louis, I. M. & S. R. Co. [Case No. 10,768]; Paul v. Pacific R. R. [Id. 10,845]. A similar order will be made in the case as respects the taxes for 1873.

The injunction may also go against the collection of any county taxes by the defendants, or any of them, except on the branch road. In view of the allegations of the bill as to retrospective taxation for all the years from 1860 to 1871, inclusive, and the mode by which, and the basis on which, as alleged, the valuation was determined, I think the case made is such as to justify the allowance of a temporary injunction as to the collection of such taxes, not to interfere, however, with suits already brought to enforce them. Counsel must understand that we never have interfered, and do not intend to interfere, with suits actually depending in the state tribunals. Ordered accordingly.