## Case No. 4,566.

### EVANS v. PACK.

[2 Flip. 267; 7 Cent. Law J. 409; 7 Reporter, 70; 2 Tex. Law J. 356; 13 Am. Law Rev. 375.][1]

Circuit Court, E. D. Michigan. Oct. 14, 1878.

Henry M. Duffield and George V. N. Lothrop, for complainants.

Alfred Russell, for defendants.

BROWN, District Judge. This case involves the important question whether this court has jurisdiction to enjoin the prosecution of an action in a state court, against the marshal of this court, for taking the goods of one person upon execution against another. That the possession of the marshal of goods seized under an execution, cannot lawfully be disturbed by an officer of the state court acting under a writ of replevin or other analogous process, was settled in Freeman v. Howe, 24 How. [65 U. S.] 450—a decision since repeated-

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 7 Reporter, 70, contains only a condensed report.]

ly affirmed by the supreme court, and universally acquiesced in by the state courts. It is equally well settled that the state courts may entertain jurisdiction of an action of trover or trespass against a marshal, for taking the goods of a third party upon a writ of execution. Buck v. Colbath, 3 Wall. [70 U. S.] 334. The substance of these decisions is that, while the possession of the marshal cannot be disturbed, he enjoys no immunity from prosecution in an action for the value of the goods taken.

It is admitted that under the Revised Statutes (section 720) the judicial power of the federal courts does not extend to the staying of proceedings in a state court, except in cases arising under the bankrupt act. It is claimed, however, that this section has no application to injunction bills which are merely ancillary to suits at law; that every court is bound to protect its officers in the execution of its process; that having first obtained jurisdiction of the case, this court has the right to decide every question arising therein; that the defendants whose property the marshal is alleged to have unlawfully seized, might have applied to this court for a release of the same and obtained full protection of their rights; that having elected to sue in the state court, which is admitted to have jurisdiction of such suit, the option still remains with this court to allow the suit to proceed or interfere by injunction and withdraw it from the cognizance of the state court. Certain expressions in the case of Freeman v. Howe [supra] seem to support this contention, but these remarks were thrown out by way of dictum, and were subsequently criticised in Buck v. Colbath, 3 Wall. [70 U. S.] 334, 344. All that was decided in Freeman v. Howe, was, that property which had been seized by the marshal on an execution from the federal court, could not be replevied by a mortgagee or other claimant through the instrumentality of a state court. In other words, that the marshal was entitled to be protected in his possession of the property. The contest related solely to the possession of the goods seized, and there was no necessity of examining into the question how far another court might go in passing upon the title. The court did not even decide that the state court or the plaintiff therein might be enjoined from prosecuting the suit in replevin, as the case arose upon a writ of error to the supreme court of Massachusetts. It is left to inference, however, that the marshal might lawfully resist by force the execution of any process which was designed to wrest from him the possession of the property.

That nothing more was intended by this decision is evident from the subsequent case of Buck v. Colbath, 3 Wall. [70 U. S.] 334, which was also a writ of error to the supreme court of Minnesota. Colbath sued Buck in one of the courts of Minnesota in an action of trespass for taking goods. Buck pleaded in defense that he was a marshal of the United States, and that, having in his hands a writ of attachment against certain parties, he levied the same upon the goods for the taking of which he was now sued. The court held the action was properly brought. It is true that the marshal in his plea did not aver that the goods belonged to the defendants in the writ of attachment and relied solely upon the fact that he was marshal, and held the goods under the writ. But the case does not seem to have turned upon Buck's failure to plead that the goods seized in fact belonged to the defendants in the execution. Indeed the court remarks that the case was like that of Freeman v. Howe, in every particular, with the single exception that, in the earlier case, when the marshal had levied the writ of attachment on certain property, a writ of replevin was issued against him in the state court and the property taken out of his possession, while in the case then under consideration the officer was sued in trespass for the wrongful seizure. The distinction was clearly drawn in the case between actions which involved the possession of the property, and those which simply sound in damages: "Whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." Again: "It is only while property is in possession of the court, either actually or constructively, that the court is bound, or professes to protect the possession from the process of other courts. * * * It is obvious that the action of trespass against the marshal in the case before us does not interfere with the principles thus laid down and limited." Speaking of the liabilities of the marshal under a writ of execution the court further remarks: "He is so liable to the plaintiff, to defendant or to any third person whom his erroneous action in the premises may injure. And what is more important to our present inquiry, the court can afford him no protection against the parties so injured; for the court is in no wise responsible for the manner in which he shall exercise that discretion which the law reposes in him, and in no one else."

While the intimation in both these cases is, that the person whose property is wrongfully seized may have redress by petition or bill in equity in this court, it is equally clear he may sue the officer in trespass or trover in the state court, and that such court may lawfully entertain jurisdiction of the suit; and if the state court may take jurisdiction, I know of no authority except in cases arising under the bankrupt act which will justify us in interfering with it. This bill clearly falls within the language of section 720, and unless there is something peculiar in the

nature of this case which exempts it from the operation of this provision, it must be held conclusive. It is said that the bill is ancillary to the jurisdiction of the federal court in the original suit. Perhaps a bill to set aside these conveyances might have been entertained, if filed before the suit was commenced in the state court; but that court having first obtained jurisdiction of the subject matter, viz.: of the alleged fraudulent transfers, with which the original suit in this court had nothing to do, that jurisdiction is exclusive. I have made diligent search for precedents to sustain injunctions against parties proceeding in state courts, but have found none except in cases arising under the bankrupt act, and the courts have seemed to assume that no other exception existed. Diggs v. Wolcott, 4 Cranch [8 U. S.] 179; Dial v. Reynolds, 96 U. S. 340. Had such jurisdiction been supposed to exist, it would certainly have been often invoked.

The restraining order in this case was issued upon the authority of Kellogg v. Russell [Case No. 7,666]. In this cause the marshal seized certain property upon a warrant in bankruptcy supposed to belong to the bankrupt, and transferred it to the assignee. A suit having been brought in the state court against the marshal for such seizure by a party who claimed the property, Judge Woodruff entertained a bill against the claimant and the bankrupt, to set aside the transfer as fraudulent, and granted an injunction to restrain the further prosecution of the suit commenced in the state court. It is true the learned judge does not base his allowance of the injunction on the ground that the suit was in aid of the bankrupt proceedings, and that it was necessary for the bankrupt court in winding up the estate to have entire control of the assets and the power to determine all collateral questions and controversies arising in connection with the estate, but upon a careful examination of the authorities, I am satisfied that this is the only ground upon which the injunction could be sustained. I cannot accept the case as authority for the general proposition that this court may enjoin the prosecution of an action of trespass against the marshal in all classes of cases.

But it is urged that, although this restraining order may have been improperly issued, it was still a mere irregularity, that the court had jurisdiction of the case, and that the defendants were bound to obey it until it had been regularly set aside. Had, then, the court jurisdiction of the case? Had it power to take cognizance of, and decide the case according to the law, and carry its sentence into execution? It is not always easy to determine whether the defect in a bill is a jurisdictional one or not, and the authorities are not altogether in harmony. Generally speaking, I should say that, if the complainant states such facts as preclude the possibility of granting the relief sought against the defendant, the court has no jurisdiction of the case; but if the facts stated tend to make a case the court may lawfully proceed to hear and determine it. The distinction is clearly stated in the case of Erie Ry. Co. v. Ramsay, 45 N. Y. 637, 644: "Did the learned judge who granted that order have jurisdiction? Had he the power to sit in judgment upon the facts presented to him by the verified complaint in this action, and the affidavits accompanying it, and to judge whether they brought before him a case demanding the interposition of the provisional remedy of an injunction order? It must be borne in mind that it matters not whether he judged erroneously as to the necessity or propriety of its interposition, or whether the facts were weak or insufficient. If the allegations contained in the papers before him tended to make a case which, existing, he had the power to enjoin, then he had the power to sit in judgment upon them, and to judge and determine as to their strength or weakness." The statute quoted in this case expressly provides that the court shall not grant an injunction to stay proceedings in a state court. In other words, on no state of facts which the complainant could present would he be entitled to the relief prayed. What, then, can the court be called upon to hear and determine? In the New York case above cited the court held that there was power of injunction to restrain proceedings in another equitable action in the same court, and, therefore, that the justice had the right to judge between the parties and pass upon the subject; in other words, had jurisdiction of the case, and that Ramsay having disobeyed it was guilty at least of a technical contempt. Applying, however, these general principles to the facts in this case, I feel clear that the restraining order was not merely irregularly or improvidently granted, but that it fell within the statute and was, therefore, void. In several cases where the question of enjoining the action of the state courts has arisen, the court has used language indicating that it had no jurisdiction of the case. Diggs v. Wolcott, 4 Cranch [8 U. S.] 179; Peck v. Genness, 7 How. [48 U. S.] 612; Dial v. Reynolds, 96 U. S. 340. The motion made to commit for contempt must be denied and the restraining order vacated.