## Case No. 14,035.

TIFFT v. IRON CLAD MANUF'G CO. et al.

[16 Blatchf. 48; [1] 7 Reporter, 456.]

Circuit Court, S. D. New York. Feb. 19, 1879.

BANKRUPTCY—ATTACHMENT IN ANOTHER DISTRICT—INJUNCTION—RIGHT OF COURT TO ISSUE.

1. A composition in bankruptcy by T., in the district court of the United States for the Eastern district of New York, was perfected, he having petitioned in voluntary bankruptcy. After such petition was filed, I., a creditor of T., brought a suit against him, in a state court in the city of New York, in the Southern district of New York, to recover a debt, and levied an attachment on property of T. After that, T. was adjudicated a bankrupt. I. obtained judgment, and issued an execution, and the sheriff was about to sell the attached property. I. was bound by the composition. T. then brought a suit in equity in the circuit court of the United States for the Southern district of New York, against I. and the sheriff, to restrain them, and to have the levy declared void and the property restored to T., and applied for an injunction pendente lite: Held, that said circuit court had no jurisdiction to grant the injunction, being forbidden to do so by section 720 of the Revised Statutes of the United States.

2. Although the suit be one arising under the laws of the United States, within section 1 of the act of March 3, 1875 (18 Stat. 470), yet the injunction asked is not authorized by the bankrupt law to be issued by the circuit court, and so within the exception in section 720 of the Revised Statutes.

[This was a bill by Alanson H. Tifft against the Iron Clad Manufacturing Company and Bernard Reilly, sheriff of the city and county of New York. See Cases Nos. 14,036, 14,030, 14,031, 14,029, and 14,033.]

Albert C. Aubrey and Louis Henry, for plaintiff.

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Charles H. Phelps and Henry E. Davies, for defendants.

CHOATE, District Judge. This is a motion for an injunction pendente lite, upon the complainant's bill. The complainant filed his petition in voluntary bankruptcy, in the Eastern district of New York, on the 11th of February, 1878, and on the same day filed his petition for a meeting of his creditors to consider a proposed composition. The first meeting in composition was held February 28th, 1878 the composition proposed was 33⅓ per cent., for which notes were to be given, payable within eighteen months. On April 11th, 1878, the creditors accepted and confirmed the composition by the requisite majority [Case No. 14,029], and at a hearing before the court on May 21st, 1878, the resolutions were confirmed and ordered to be recorded [Id. 14,-033]. On the 18th of April, 1878, the complainant was adjudicated a bankrupt. The Iron Clad Manufacturing Company, one of the defendants, was a creditor of the complainant, having a provable debt, and its name and address and the amount of its claim were inserted in the schedule annexed to the composition petition. On April 10, 1878, after the filing of the petition in bankruptcy, the company commenced an action in the marine court of the city of New York, by attachment, against the complainant, to recover this debt, and, on the 8th of April, 1878, judgment was entered therein for $817 92, and an execution was on the same day issued on the judgment and delivered to the sheriff. The warrant of attachment had been levied, on April 10th, on personal property of the complainant, and, on the 18th of April, the sheriff levied his execution on the same, and now threatens to sell the same under the execution, to satisfy the judgment. The bill further shows, that the loss of this property will disable the complainant from carrying into effect his composition; and the prayer of the bill is, that the levy and seizure be declared void and the property restored to the bankrupt, and that the defendants be enjoined, &c.

This motion for an injunction is resisted on the ground that the court has no power to issue a writ of injunction in this case, to stay proceedings in a state court, being prohibited from doing so, as it is claimed, by section 720 of the Revised Statutes, which provides as follows: "The writ of injunction shall not be granted by any court of the United States, to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." It is not claimed on the part of the complainant that the proceeding sought to be enjoined is not a proceeding in a state court, but it is claimed that this is a case where the injunction is authorized by a "law relating to proceedings in bankruptcy," within the meaning of that section; and this is the question to be determined.

The jurisdiction in this case cannot be sustained on the ground of the citizenship of the parties in different states, because all the parties are residents and citizens of the state of New York. Neither can it be sustained under any provisions of the bankrupt law giving jurisdiction to the circuit court of the United States. Those provisions are contained in sections 4,979, 4,980 and 4,986. Section 4,979 gives jurisdiction only in cases between an assignee and a person claiming an adverse interest; and sections 4,980 and 4,986 give jurisdiction to the circuit court only by way of review or appeal from orders and decrees, in or arising from proceedings in bankruptcy, of the district court of the same district. It is evident, that the circuit court of this district, therefore, cannot entertain this bill under either of these sections. Section 630 of the Revised Statutes, evidently referring to the jurisdiction thus given, provides as follows: "The circuit courts shall have jurisdiction in matters of bankruptcy, to be exercised within the limits and in the manner provided by law."

The only statute under which this bill can be maintained, and that on which the complainant's counsel rely, is section 1 of the act of March 3, 1875 (18 Stat. 470), which provides, that "the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States." It is not questioned by the defendants' counsel that this is a suit of a civil nature, where the matter in dispute arises under the bankrupt law. The language of the act is general—"arising under the laws of the United States." There is nothing in the other provisions of the act indicating any purpose to except cases where the matter in dispute arises under the bankrupt law. The court, however, in cases coming within this act, does not sit in bankruptcy, although the matter in dispute may arise under the bankruptcy law. It sits as a court of common law or of equity, and section 720 of the Revised Statutes applies to all such cases. This new grant of power does not give jurisdiction of a case or proceeding in bankruptcy; and, therefore, where the relief asked for in a case under this statute is such as it is by statute exclusively within the power of a court sitting in bankruptcy to grant, or such as it is forbidden to any court of the United States to exercise except when sitting in bankruptcy, such relief cannot be given in a suit at law or in equity brought under this statute. Section 720 of the Revised Statutes is a re-enactment of the act of March 2, 1793 (1 Stat. 334,) as modified by the provisions of the bankrupt law of 1867. Prior to the passage of the bankrupt law, the courts of the United States were prohibited from issuing any injunction to stay proceedings in a

state court. But, the 21st section of the bankrupt law (14 Stat. 526,) re-enacted in section 5106 of the Revised Statutes, provided, that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed, to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that, if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment, for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed." Upon the revision of the statutes the power to issue the writ of injunction, necessarily implied in this section, was provided for in the re-enactment of the prohibitory statute of 1793, by introducing the words, "except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." It is argued, on behalf of the complainant, that this is to be construed as meaning "under circumstances," or "upon a state of facts," where, by a law relating to bankruptcy, the stay by injunction is authorized; that the present is such a case; that the act of 1875 having given the circuit court jurisdiction without regard to the citizenship of the parties, in suits in equity where the matter in dispute arises under the bankrupt law, the intention was to give the court full equity powers in such cases; and that the court can issue the injunction, because, upon the facts shown, the case is one in which a stay is allowed under the bankrupt law. There would be great force in the argument, if the power given in the bankrupt law were a general enactment authorizing a stay of suits in state courts, without anything to indicate that the power thus given was exclusively conferred on the district court sitting in bankruptcy. The section in question, however, (5106) in so far as it authorizes the issue of an injunction, has been held to be peculiarly addressed to the district court sitting in bankruptcy. In re Rosenberg [Case No. 12,054]. In that case, Judge Blatchford says, that the stay provided for is to be, and is, in practice, granted by the bankruptcy court. It is evidently one of those "things to be done under and in virtue of the bankruptcy," which, by section 4972, are exclusively committed to the bankrupt court, so far as they are committed to a court of the United States; and section 5106 contains in itself enough to show the same purpose. Therefore, the argument for the complainant fails because this is not the case mentioned in the exception, the laws relating to bank-

ruptcy having expressly limited the power to issue the injunction not only to certain circumstances which may exist here, but to a court and a proceeding other than the present. The complainant's case is one which appeals very strongly to the court for the exercise of any powers which it is able to exercise for his relief, since this creditor is proceeding to obtain an advantage over other creditors, in direct violation of the composition agreement by which it is bound, but it cannot have an injunction in this suit. Perhaps the complainant can be relieved in the district court for this district, under its power as a court of bankruptcy, ancillary to the jurisdiction of the district court for the district where the original petition was filed. See Sherman v. Bingham [Case No. 12,762]; Lathrop v. Drake, 91 U. S. 516. The motion is denied.

[For subsequent proceedings in this litigation, see Case No. 14,034, and 11 Fed. 463.]