DOMESTIC & FOREIGN MISSIONARY SOCIETY *v.* HINMAN and others.

*(Circuit Court, D. Nebraska.   January, 1881.)*

1. CONCURRENT JURISDICTION—RIGHT TO POSSESSION OF PROPERTY.

    By the service of a writ of replevin issued from a state court, the property comes into the custody and possession of that court, for all purposes of jurisdiction in that case, and no other court has a right to interfere with that possession, unless it be some court having a direct supervisory control over the court issuing the writ, or some superior jurisdiction in the premises.

2. SAME—REPLEVIN—RIGHT AND TITLE TO PROPERTY.

    The question as to whether the property levied on under the writ of replevin is trust property, belonging to the complainant as trustee, or individual property of the defendant, is for the state court to determine in the replevin suit; and it cannot, therefore, be assumed, in determining the question of jurisdiction, that the property is trust property, and that complainant is entitled to it as trustee.

3. INJUNCTION—WHEN NOT TO ISSUE—RESTRAINING PROCEEDINGS IN THE COURT.

    The circuit court will not issue an injunction to restrain a party from claiming, using, occupying, incumbering, disposing of, or interfering, or in any manner intermeddling, with property which the state court has directed its officers to place in his hands.

Bill in Equity.

*J. M. Woolworth,* for complainant.

*George W. Doane,* for respondents.

McCRARY, C. J.   As one of the grounds upon which the respondent moves to dissolve the injunction, it is alleged that the property in controversy was, at and before the time of the commencement of this

suit, and still is, in the possession and control of another court of concurrent jurisdiction, to-wit, the district court of the state of Nebraska, in and for the county of Knox, and that, therefore, this court ought not to take jurisdiction. The property which is the subject-matter of this suit consists of certain buildings erected upon an Indian reservation in Knox county, Nebraska, and the furniture, etc., connected therewith, used as a chapel for religious worship, and for Sunday schools and other religious purposes, including clergyman's residence, apartments for an industrial school for Indians, dwellings for employes, etc.; also a farm of about 30 acres of cultivated land. Neither party to this suit claims any title to the soil. The property is used in connection with a church and school established for the civilization and education of Indians; but whether it is the property of the complainant, or of the respondent S. D. Hinman, is the principal matter of dispute between the parties to this suit.

The bill was filed July 30, 1880. It sets forth the facts concerning the acquisition of the property in question, and the purposes for which it was acquired, as claimed by the complainant, and concludes with the following prayer:

" Wherefore your orator prays the aid of this honorable court as follows:

"(1) That the said defendants answer this, your orator's bill, according to the course and practice of this court, but not under oath, their answer under oath being hereby waived.

"(2) That the said defendants and each of them, and the attorneys, counsellors, agents, and employes of each of them, be, by the order and injunction of this honorable court, enjoined and restrained from claiming, using, occupying, incumbering, disposing of, or interfering, or in any manner intermeddling with, the said buildings, and the furniture, fixtures, and appliances therein, the said farm and crops, or the use of the same, for the said mission and its work; and also from interfering with, obstructing, or preventing the said plaintiff, its agents, and employes from resuming and taking possession of said property, and all thereof, or in using the same, or in carrying on the said work of the said mission, as it has been done prior to the twenty-third of June last past.

"(3) That a receiver be appointed, with the usual powers of receivers in such cases, to take possession of the said property, and all thereof, and resume and conduct the work of the said mission.

"(4) That it be decreed that the said defendants and each of them has no right, title, or interest in the said property, and that the injunction above prayed may be made perpetual.

"(5) That your orator have its costs of this suit, and all other relief that is necessary and equitable."

On the twenty-third day of June, 1880, more than a month before the commencement of this suit, the respondent S. D. Hinman

brought an action of replevin in the district court of Knox county, Nebraska, against William W. Fowler, who was then in possession as complainant's agent, to recover possession of said property; and thereupon a writ of replevin was issued, and the officer's return shows that on that day he seized the property and delivered it to said Samuel D. Hinman, taking from him the bond and security required by the statute. Afterwards, in November, 1880, the complainant entered its appearance in said replevin suit in the state court, and was made a party thereto and given 60 days to interplead. The replevin suit is still pending.

There can be no doubt that by the service of the writ of replevin the property came into the possession of the state court for all the purposes of jurisdiction in that case. The rule upon this subject is not doubtful. The same property cannot be subject to two jurisdictions at the same time. The first levy, whether made under the federal or state authorities, withdraws the property from the reach of the process of the other. Where there are several authorities equally competent to bind the goods of a party, they must be considered effectually and for all purposes bound by the authority which first actually attaches upon them. "This rule," says Mr. Justice Campbell, in *Taylor* v. *Carryl*, 20 How. 594, "is the fruit of experience and wisdom, and regulates the relation and maintains harmony among the various superior courts of law and chancery in Great Britain." In *Buck* v. *Colbath*, 3 Wall. 341, Mr. Justice Miller stated the rule in these words: "The principle is that whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court and under its control for the time being, and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." See, also, to the same effect, *Freeman* v. *Howe*, 24 How. 450; *Hagan* v. *Lucas*, 10 Pet. 400.

The general rule is not controverted by counsel for complainant, but he insists that it does not apply to this case because the property in controversy is held and claimed for the purposes of a public charity only, and that consequently a trust attaches to it, which necessarily gives this court jurisdiction over it.

In the first place it must be said, in answer to this suggestion, that whether this is trust property belonging to the complainant as trustee, or individual property of the respondent Hinman, is one of

the questions in dispute between the parties, and is, indeed, the very question which must be determined by the state court in the replevin suit, and by this court also, if our jurisdiction shall be maintained. It cannot, therefore, be assumed, in determining the question of jurisdiction as an established proposition, that the property is trust property, and that the complainant is entitled to it as trustee. But even assuming that the complainant is right as to the fact, and that this property is a trust property purchased with funds contributed to the complainant or its agents for the purpose of aiding in a public charity, it still remains true that every question which can arise touching the possession of it may be properly decided by the state court in the replevin suit. A trustee who has the right to the possession of specific articles of personal property which are wrongfully withheld from him, may, without doubt, bring an action at law in replevin to recover the same. The real question here is this: If the jurisdiction of this court be maintained; if the injunction heretofore granted be continued in force and finally made perpetual,—will it deprive the state court of the power to go on and determine the issues in the replevin suit, rendering judgment according to its own views of the law and the facts, and to execute the same by its own process? A reference to the pleadings in the two cases will furnish a ready answer to this inquiry. We are asked in this case to enjoin the respondents from claiming, using, occupying, incumbering, disposing of, or interfering, or in any manner intermeddling, with the property in controversy. Now it is perfectly clear that while this injunction is maintained the state court cannot go on and adjudge the possession of the property to be in the respondent. The injunction forbids the respondent to take possession of or to hold or to intermeddle with the very property which the state court has directed its officers to place in his hands, upon his giving bond to answer for it at the end of that suit. The bill also prays that a receiver be appointed to take possession of the property, which is, of course, entirely inconsistent with the exercise of any jurisdiction or control over it by the state court. It also prays for a decree that the said defendants and each of them have no right, title, or interest in the said property, and that the injunction may be made perpetual.

By reference to the General Statutes of Nebraska on the subject of replevin, (chapter 11, pp. 552–555,) it will be seen that the question of the right of property as well as the right of possession may be tried in the replevin suit; but whether the judgment in that case extends to a determination of the right of property, or stops with that

of the right of possession, in either case its judgment might be rendered entirely nugatory by the decree in this case.

Complainant relies upon the case of *Watson* v. *Jones,* 13 Wall. 679, as sustaining his view of the case before us. In that case a state court of Kentucky had decreed that the possession of certain church property should be delivered to certain persons who were held to be legal officers of the church, and entitled, for the time being, to control its property. It was held that the nature and character of the possession so decreed to be delivered, might be inquired into by another court, and if it was of a fiduciary character, and the trust was not involved in the first suit, the second suit might be maintained in any court of competent jurisdiction to declare, define, and protect the trust, though the first suit might still be pending.

There is this clear distinction between that case and the one at bar. None of the parties to the case of *Watson* v. *Jones* claimed any individual interest in the property in controversy. Here, as we have already seen, the respondent does claim to be the absolute owner, and to test his right has commenced a suit in the courts of Nebraska. It was not, however, held by the supreme court in *Watson* v. *Jones* that any relief could be granted which would interfere with the execution of the decree of the state court. On the contrary, Mr. Justice Miller, who delivered the opinion, on page 720 says: "Under this prayer for general relief, if there was any decree which the circuit court could render for the protection of the right of the plaintiffs, *and which did not enjoin the defendants from taking possession of the church property, and which did not disturb the possession of the marshal of the Louisville chancery,* that court had a right to hear the case and grant that relief."

It appears, therefore, that the jurisdiction was maintained upon the ground that it was not necessary, in order to maintain it, that any judgment or decree should be rendered interfering in any way with the action of the state court in a suit previously commenced.

Indeed, the rule that, as between courts of concurrent jurisdiction, the court which first gets possession of the property must retain it to the end, is distinctly affirmed in that case. Its application to the facts presented in that record was denied upon the ground that the issues in the two cases were essentially different, and that in the case in the federal court the relief sought was different from that awarded in the state court. On page 717 Mr. Justice Miller points out these differences very clearly, and adds: "This brief statement of the issues in the two suits leaves no room for argument to show that the pend-

ency of the first cannot be pleaded either in bar or abatement of the second."

It is true that here the case in the state court is an action at law, and that the present case is a suit in equity; but the rule applies notwithstanding. See Conkling, Treat. 296. The case of *Taylor* v. *Carryl, supra,* was one of conflict between the purchaser of a vessel, under the judgment of a state court in an attachment case, and another purchaser, under the decree of a federal court in a proceeding in admiralty. It was insisted in that case that by virtue of the exclusive jurisdiction of the federal courts in admiralty over the vessel in question, its judgment was a lien prior to that in the state court, although the suit in the latter court was first instituted; but the court held that the vessel, being in the lawful custody of the sheriff by virtue of the process of the state court, was beyond the reach of the process of any other court, whether a common-law court, proceeding as such, or of a court of admiralty in a suit *in rem* to enforce the maritime lien. No valid seizure was possible upon the process issued by the federal court, for the reason that the vessel was in the custody of the state court.

Section 720 of the Revised Statutes of the United States provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

From what has already been said it is manifest that the effect of the injunction in this case would be to stay proceedings in the state court in the replevin suit. It would be to retain the property in the possession of the complainant regardless of the writ issued by the state court ordering it to be placed in the possession of the respondent. It would be to stop altogether the proceedings in the replevin suit, because it would be impossible to proceed with that suit without violating the injunction prayed in this case.

These considerations necessarily lead to the conclusion that the granting of an injunction in this case, after the commencement of the replevin suit in the state court—of which neither the court nor the counsel was advised—was an error, and that, therefore, the injunction must be dissolved; and it is so ordered.

## NOTE.

RESTRAINING PROCEEDINGS IN STATE COURTS. This section applies to the restraint of suits, which, but for the injunction, the state court would have jurisdiction over, (*In re Long Island, etc., Trans. Co.* 5 FED. REP. 628,) and only such as are commenced in a state court before proceedings in the federal court have been commenced, (*Fisk* v. *Union Pac. R. Co.* 10 Blatchf. 518;) for, if a suit be commenced in the federal court, subsequent proceedings in a state court may be restrained. Id. "Proceedings" include all steps taken in a suit from its inception to final process. *U. S.* v. *Collins,* 4 Blatchf. 142. This section is an inhibition against staying a party in the conduct of the proceedings in a state court, as much as an inhibition against an injunction, *mandamus,* or prohibition directed to the state court, (*Fisk* v. *Union Pac. R. Co.* 6 Blatchf. 362;) and its interpretation is restricted by sections 640 and 646 of the Revised Statutes to cases where the jurisdiction of the courts of the United States is originally invoked for the purpose of staying proceedings in the state courts. *Perry* v. *Sharpe,* 8 FED. REP. 24.

RESTRICTION OF AUTHORITY. A court of the United States cannot enjoin proceedings in a state court. *Diggs* v. *Wolcott,* 4 Cranch, 179; *Rogers* v. *City of Cincinnati,* 5 McLean, 337. So the supreme court cannot enjoin proceedings in a subordinate state court, although it has allowed a writ of error to the judgment of the appellate court. *The Slaughter-house Cases,* 10 Wall. 273. The circuit court has no jurisdiction over the proceedings of a state court. *Bridges* v. *Sheldon,* 18 Blatchf. 517; *Watson* v. *Jones,* 13 Wall. 679. Although the circuit court has no jurisdiction over proceedings in a state court, yet this section does not prevent it from releasing a defendant from process out of a state court violating its protection, or to prevent abuse of its privileges. *Bridges* v. *Sheldon,* 18 Blatchf. 517; S. C. 7 FED. REP. 45; *Hurst's Case,* 4 Dall. 387. So a circuit court may restrain parties from taking out criminal process under a state law which impairs the obligations of contracts, (*Louisiana State Lottery Co.* v. *Fitzpatrick,* 3 Woods, 222;) nor does this section prohibit the district court, after a transfer of the ship and freight under the "limited-liability act," from restraining the prosecution of any suit growing out of the disaster theretofore commenced and then pending in a state court, (*In re Long Island, etc., Trans. Co.* 5 FED. REP. 627.) A circuit court cannot issue an injunction to stay proceedings in a state court. *The Slaughter-house Case,* 1 Woods, 21. An injunction to restrain suits in the state court for the collection of taxes will not be granted, (*Moore* v. *Holliday,* 4 Dill. 52;) but, under special circumstances, a temporary injunction to restrain the collection of retrospective taxes was allowed. Id. Although a party files a bill of interpleader, yet he cannot restrain a defendant from prosecuting an action pending in the state court. *City Bank* v. *Skelton,* 2 Blatchf. 14. Where the jurisdiction of a court and the right of a plaintiff to prosecute his suit have once attached, that right cannot be arrested or taken away by proceedings in another court. *Peck* v. *Jenness,* 7 How. 625. So, if a marshal is sued in a state court for taking the goods of a third person on a writ of execution, the proceedings against him cannot be enjoined. *Evans* v. *Pack,* 7 Cent. Law J. 409. This section prohibits the issue of an injunction to restrain the sale of property under an

execution issued out of a state court, although application is made by a third party whose property is taken. *Watson* v. *Bondurant,* 2 Woods, 166; S. C. 30 La. Ann. 1; *Daly* v. *The Sheriff,* 1 Woods, 175; *Perry* v. *Sharpe,* 8 FED. REP. 23; *contra, Cropper* v. *Coburn,* 2 Curt. 465. The holder of a chattel mortgage cannot enjoin the sheriff from selling the property under execution on a judgment against the mortgageor. *Ruggles* v. *Simonton,* 3 Biss. 325. Courts of the United States have jurisdiction over executors and administrators where the parties have the requisite citizenship, and this jurisdiction is not barred by subsequent proceedings in insolvency in the state court. In such case the courts may interpose in favor of a foreign creditor to arrest the distribution of any surplus of the estate of decedent. *Green* v. *Creighton,* 23 How. 90. See *Youley* v. *Lavender,* 21 Wall. 276; *January* v. *Powell,* 29 Mo. 241.

ON CAUSE REMOVED. A circuit court will not order a stay of all proceedings in a state court in a cause removed into the circuit court, (*Fisk* v. *Union Pac. R. Co.* 6 Blatchf. 362; *Perry* v. *Sharpe,* 8 FED. REP. 23;) but after removal it has jurisdiction to continue in force an injunction allowed by the state court before the removal. *Smith* v. *Schwed,* 6 FED. REP. 458; and see Rev. St. §§ 640, 646; Act of March 3, 1875, § 4; 18 St. 571. If plaintiff, after removal, brings an action in the state court, upon a judgment rendered therein before removal, defendant may file a bill in the circuit court to restrain the proceedings. *French* v. *Hay,* 22 Wall. 250. Where a state court improperly refuses a petition for removal, and renders final judgment in a replevin suit, and orders plaintiffs to restore the property, and, on their refusal to do so, defendant sues on the replevin bond, the federal court may restrain the proceedings on such suit, the injunction being merely an ancillary proceeding, and not forbidden by this section. *Kern* v. *Hindekoper,* 2 Morr. Trans. 618.

IN BANKRUPTCY COURTS. Except in cases arising under the bankrupt law a court of the United States cannot enjoin a party from proceeding in a state court, (*Haines* v. *Carpenter,* 91 U. S. 254; *Dial* v. *Reynolds,* 96 U. S. 340; *Chaffin* v. *St. Louis,* 4 Dill. 19; *Tifft* v. *Iron-clad Manufacturing Co.* 16 Blatchf. 48; *Hyde* v. *Bancroft,* 8 Bank. Reg. 24;) but it has been held that the bankrupt act does not authorize district courts to issue injunctions to state courts, nor to actors or parties litigating before them, (*In re Campbell,* 1 Bank, Reg. 166; *In re Burns,* Id. 174; *Peck* v. *Jenness,* 7 How. 625; *Erwin* v. *Lowry,* 7 How. 172;) and that a state court having acquired jurisdiction a United States court has no authority to oust it, (*Clark* v. *Bininger,* 3 Bank. Reg. 518; *Tenth Nat. Bank* v. *Sanger,* 42 How. Pr. 170; *Ex parte Dudley,* 1 Pa. L. J. 302.) The express authority of bankruptcy courts to restrain proceedings in state courts under the bankrupt law extends only to suits against the bankrupt himself, (Rev. St. § 5106; *Gilbert* v. *Quimby,* 1 FED. REP. 114;) and the implied authority extends only to proceedings to realize the assets and bring them into the custody of the bankrupt court, (Rev. St. § 4972; *Gilbert* v. *Quimby,* 1 FED. REP. 114.) So, although a party has issued an attachment from a state court to reach a dividend in bankruptcy, he cannot be restrained by injunction from the federal court. *Gilbert* v. *Quimby,* 1 FED. REP. 111. It may prohibit a creditor by injunction from proceeding under an execution issued out of a state court, (*Irving* v. *Hughes,* 2 Bank. Reg. 61;)

or enjoin a sheriff and parties litigant from selling the property on execution, (*In re Mallory*, 61 Bank. Reg. 22; *In re Lady Bryan Min. Co.* 6 Bank. Reg. 252; *In re Atkinson*, 7 Bank. Reg. 143.) It may allow the goods to be sold under the execution or may enjoin proceedings thereunder. *In re Schnepf*, 1 Bank. Reg. 190. Before the appointment of assignees the petition for the injunction must be filed by the bankrupt, but after their appointment it may be filed by the assignees. *In re Bowie*, 1 Bank Reg. 628. The commencement of the bankruptcy proceedings operates as a *supersedeas* of process in the hands of the sheriff, and an injunction against all other proceedings until the question of the bankruptcy shall be disposed of. *Jones* v. *Leach*, 1 Bank. Reg. 595. The bankrupt court may restrain a claimant of a lien obtained by collusion with the bankrupt from proceeding elsewhere to enforce the lien. *Samson* v. *Clark*, 6 Bank. Reg. 403. The control of the district court, sitting in bankruptcy, over proceedings in the state court over liens and mortgages existing upon the property of the bankrupt, is exercised, not over the state courts themselves, but upon the parties, through injunction or other appropriate proceedings in equity. *Ex parte Christy*, 3 How. 292. Where the circuit court has jurisdiction of a case in bankruptcy, an error in granting an injunction can only be reviewed after a final decree. *Ex parte Schwab*, 98 U. S. 240.—[ED.