## Case No. 2,603.

### CHAPMAN v. BARGER.

[4 Dill. 557.] [1]

Circuit Court, D. Iowa. 1877.

REMOVAL—EJECTMENT — PETITION BY OCCUPYING CLAIMANT.

The statutes of Iowa allow an "occupying claimant," who is an unsuccessful defendant in an ejectment suit, the right to retain possession of the land after judgment against him, until the value of his improvements (if made under color of title and in good faith) are ascertained, provided he files his petition therefor after judgment against him, but before the plaintiff causes the same to be executed, which petition must be filed in the main action. After judgment for the plaintiff in the main action, the defendant, under the Iowa statutes, filed his petition in the suit as an "occupying claimant," to have the value of his improvements ascertained, etc.; whereupon the plaintiff in the main suit filed his petition, under the act of congress of March 3, 1875 [18 Stat. 471], for the removal of the cause to the circuit court of the United States: *Held*, not removable, being a mere dependence upon the original suit.

[Cited in Webber v. Humphreys, Case No. 17,326; Pratt v. Albright, 9 Fed. 637; Buford v. Strother, 10 Fed. 409; Filer v. Levy, 17 Fed. 613; Poole v. Thatcherdeft, 19 Fed. 51.]

This cause was removed to this court by the plaintiff in the main suit (Chapman), under the act of congress of March 3, 1875. The defendant (the "occupying claimant") moves to remand it to the state court.

Mr. Hawley, for plaintiff.

Duncombe & Springer, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. Action of ejectment in state court, and judgment for the plaintiff. Under the Iowa statute relating to occupying claimants, the defendant filed his petition to be allowed for his improvements, in that suit, after judgment in favor of the plaintiff. After the petition of the occupying claimant for improvements was thus filed, the plaintiff in the main action filed his petition for removal of the cause under the act of March 3, 1875. We hold that the petition of the occupying claimant cannot be removed, as it is, under the Iowa statute, and decisions of the supreme court of the state, essentially part of and ancillary to the main suit. The main suit is at an end, and a judgment has been rendered therein in the state court. That judgment must remain in the state court. It cannot be brought here. The petition of the occupying claimant (whose rights are wholly statutory) is a dependence of the main suit, and cannot be separately removed. Under the legislation of Iowa in respect of occupying claimants, as construed by the state supreme court, and in view of the relief to which each

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

party is entitled, it is apparent that the rights of the parties must be adjudicated in one and the same court. Case remanded.

NOTE. The same question subsequently came before Mr. Justice Miller, and was ruled in the same way. The construction of the Iowa "occupying claimant" statute: Litchfield v. Johnson [Case No. 8,387]; Wells v. Riley [Id. 17,-404].