PRATT *v.* ALBRIGHT, Defendant, and another, Garnishee.

*(Circuit Court, E. D. Wisconsin.    October Term, 1881.)*

1. REMOVAL OF CAUSES—GARNISHMENT UNDER THE STATUTE OF WISCONSIN.
    . Proceedings in garnishment, instituted under the statute of Wisconsin, are auxiliary to the main action, when considered with reference to the right of removal to the federal court.

2. CASE STATED.
    In a court of the state of Wisconsin, garnishee proceedings were instituted concurrently with the commencement of an action.   The garnishee answered denying all indebtedness or liability to the principal defendant.   The main action proceeded to judgment; and thereafter, and while the garnishee proceedings were still pending, the plaintiff, who was a citizen of a different state from that either of the defendant or garnishee, had the cause removed to a federal court.   On motion to remand the cause to the state court, *held,* that the removal, having been made after a judgment had been rendered in the main action, was too late, and the cause must be remanded.

Garnishee Proceedings.    Motion to remand.

*Goodwin & Benedict,* for motion to remand.

*Hastings & Greene, contra.*

DYER, D. J.    A statute of the state of Wisconsin provides that either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, proceedings of garnishment may be had by the plaintiff in the action against any person indebted to the defendant, and a course of procedure is prescribed by which the garnishee may be required to answer as to any such indebtedness, and may be made amenable to the orders of the court wherein the principal action is pending.

It is further provided that when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and the proceeding is to be deemed an action by the plaintiff against the defendant in the principal suit and the garnishee, as parties defendant.    The statute also authorizes the defendant in the principal action to defend the proceeding against the garnishee, and the garnishee, at his option, to defend the principal action for the defendant if the latter does not defend.    With these statutory provisions in force, the plaintiff herein commenced a suit in the state court against the defendant Albright to recover the amount due upon an accepted bill of exchange, and, concurrently with the commencement of that action, instituted

garnishee proceedings against D. W. King, named also as defendant, as the action is entitled in this court. The foundation of these proceedings was such an affidavit as the statute requires, and the garnishee was summoned to appear and answer whether he was indebted to the principal defendant. Both the affidavit and the summons were entitled, "*Joseph Pratt, plaintiff,* v. *S. C. Albright, defendant; D. W. King, garnishee.*" The garnishee, by answer in due form, denied all indebtedness or liability to the principal defendant, and an issue upon that question was thus formed. Afterwards, and while the garnishee proceeding was pending, judgment was obtained by the plaintiff upon his demand in the principal action against the defendant. Thereupon, the plaintiff, a citizen of Illinois, filed a petition in the state court for removal of the case to this court; King as garnishee and Albright as the principal debtor being named in the petition as citizens of Wisconsin, and as defendants in the action or proceeding sought to be removed. Upon the execution of the requisite bond the state court ordered the case removed to this court. The removal was made under the act of March 3, 1875, and the evident purpose of the plaintiff was to bring the garnishee proceedings into the federal court for final disposition. A motion is now made to remand, and the determination of the motion involves the question whether the action against the garnishee is a suit that may be thus removed within the contemplation of the removal act.

The language of the second section of that act is "that any suit of a civil nature, at law or in equity, now pending, etc., * * * in which there shall be a controversy between citizens of different states, may be removed." It is, of course, obvious that the principal suit, wherein the plaintiff and Albright were the sole parties, could not be removed when the present removal proceedings were instituted, because final judgment in that action had been previously entered. What was the garnishee proceeding? In the light in which it must now be considered, was it anything more than a graft upon the principal action—a mere auxiliary or incident to the main proceeding? It seems to me it was not, and that, under the authorities most directly applicable, it must be so regarded. It was in the nature of a supplementary or auxiliary proceeding in aid of a suit for the recovery of a debt, which suit could not be removed because it was determined before any removal to the federal court was attempted. It is true that under the state statute the garnishee is required by summons to answer the plaintiff's affidavit upon which the proceed-

ings are founded, and it is also true that the statute declares, with the evident view of maintaining an orderly course of procedure, and of suitably protecting the rights of the parties, that the proceeding against a garnishee shall be deemed an action. But it is, after all, essentially but a branch of the main suit, and since that suit was not removable at the stage when a removal was attempted, I am of the opinion that the garnishee proceedings could not be transferred to this court. This conclusion is supported by authorities which are entitled to weight as bearing upon the question.

In *Weeks* v. *Billings*, 55 N. H. 371, the question arose whether a defendant under trustee process,—which in its purpose and general character, as existing in New Hampshire, is analogous to garnishee process or procedure in this state—could remove the proceeding to the federal court, there to be tried as a suit against him; and it was held that he could not. In the opinion of the court it is, among other things, said that—

"Although the trustee may in some sense be regarded as a defendant, and the question of his liability be tried by a jury or by the court, he has, nevertheless, never been regarded by the courts as a defendant, in the proper and usual sense of the term, and, in common parlance, is known and called by the name of trustee, while his alleged creditor is called the principal defendant. They are not sued in the same right, and are not answerable to the plaintiff in the same manner. The principal is sued on account of some alleged injury which the plaintiff has sustained by his act or neglect. But, as between the plaintiff and trustee, there is no privity of contract, or other act or neglect by which the plaintiff has sustained damage. The property and credits of the principal defendant in his hands are attached, and he is summoned to show cause why execution should not issue against him for the damage which the plaintiff may recover against the principal defendant. The process as to him is rather to be regarded as an attachment of the defendant's property in his hands; and even if this were an action in which the state and federal courts had original concurrent jurisdiction of the funds of the defendant in the hands of the trustee, the state court, being the one before whom proceedings were first had, and whose jurisdiction first attached, would retain its jurisdiction to the exclusion of the other court, if the only controversy were as to the disposition of the funds so attached."

The removal in the case cited was attempted to be made under the second clause of section 639 of the Revised Statutes, but the discussion of the question by the court, from whose opinion the foregoing extract is made, applies with force to the question as it arises in the case at bar, since, under all the statutes authorizing removals of causes to the federal court, the proceeding removed must be a suit in the sense of those statutes; and it was not contended on the argu-

ment that the act of 1875 is in that regard different from the judiciary act of 1789, or the removal acts of 1866 and 1867.

In Iowa an "occupying claimant" of land, who is an unsuccessful defendant in an ejectment suit, has the right to retain possession, after judgment against him, until the value of his improvements are ascertained, provided he files his petition therefor in the main action after judgment, but before the plaintiff causes it to be executed. In *Chapman* v. *Barger,* 4 Dill. 557, it was held that this proceeding by petition, for ascertainment of the value of improvements upon land, was not removable to the federal court under the act of March 3, 1875; and for the reason that it was essentially part of and ancillary to the main suit, which was at an end, judgment having been rendered therein in the state court. So, with equal force, I think it may be said of the case at bar, that the garnishee proceeding is a dependence of and ancillary to the principal suit, which has been brought to an end by judgment in the state court.

In *Webber* v. *Humphries,* 8 Rep. 66, an execution upon a judgment in a state court against a corporation was returned *nulla bona,* and a motion was then made under the statutes of Wisconsin for an execution against one of the stockholders. The stockholder then took the necessary steps to remove the case into the federal court, and a motion to remand was sustained on the ground that the proceeding sought to be removed was a mere sequence or dependency, or proceeding supplemental to the main action.

In *Bank* v. *Turnbull & Co.* 16 Wall. 190, after judgment recovered in a state court, an execution was issued and levied upon property in the possession of the judgment debtor, but the ownership of which was claimed by third parties. The claimants, Turnbull & Co., thereupon applied to the court under the statutes of the state for leave to intervene in the original suit, and to order an issue to try the right of property. Leave was granted, and an order was made for trial by jury of the question whether the judgment debtor or Turnbull & Co. owned the property. Thereupon, the claimants of the property removed the case to the federal court, and the question decided by the supreme court was whether the case was thus removable. Mr. Justice Swayne. speaking for the court, said:

"Conceding it [meaning the proceeding instituted to try the right of property] to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation. A judgment had been recovered in the original suit, final process was levied upon the property in question to satisfy it, the property

was claimed by Turnbull & Co., and this proceeding, authorized by the laws of Virginia, was resorted to to settle the question whether the property ought to be so applied. The contest could not have arisen but for the judgment and execution, and the satisfaction of the former would at once have extinguished the controversy between the parties. The proceeding was necessarily instituted in the court where the judgment was rendered, and whence the execution issued. No other court, according to the statute, could have taken jurisdiction. It was provided to enable the court to determine whether its process had, as was claimed, been misapplied, and what right and justice required should be done touching the property in the hands of its officer. It was intended to enable the court, the plaintiff in the original action, and the claimant, to reach the final and proper result by a process at once speedy, informal, and inexpensive. That it was only auxiliary and incidental to the original suit, is, we think, too clear to require discussion."

In accordance with these views the court below was directed to remit the case to the state court, and nothing need be added to the foregoing extract from the opinion of the court in the case cited, to emphasize the analogy upon principle between that case and the case at bar.

In *Barrow* v. *Hunton*, 99 U. S. 80, an action of nullity was instituted in a state court to set aside a judgment that had been recovered in the same court wherein that action was brought. The case was removed to the federal court, and the question decided by the supreme court was whether the proceeding to procure nullity of the judgment was to such an extent an independent, separate suit as to make it removable. It was held that it was rather in the nature of a supplementary proceeding, so connected with the original suit as to form an incident to it and substantially a continuation of it, and was not transferable to the federal court as a suit of which that court could take cognizance.

The statute of Wisconsin relating to garnishment, as we have seen, provides for garnishee proceedings as well after the issuing of an execution as before judgment, and if in this case execution had been issued, and the proceeding against the garnishee had taken place after that event, I think it would hardly be contended, in the light of the authorities, that such a proceeding could be removed to the federal court any more than a proceeding purely supplementary to execution could be so removed. And when we consider the essential character of a garnishee proceeding, I do not think the fact that the action against the garnishee was instituted while the principal suit was pending, and before judgment and execution, lends any additional force to the argument in favor of removal.

The attention of the court has been called to the case of *Tunstall* v. *Worthington,* Hempst. 662, wherein it was held that proceedings against a garnishee, after execution, was so far a civil suit that the federal court had not jurisdiction thereof, if the parties thereto were citizens of the same state, although the judgment upon which the execution was issued was recovered in that court. The soundness of this decision may well be doubted, in the light of later authorities; for it is fully settled that even a creditors' bill, to enforce payment of a judgment recovered in the federal court, is but a continuation of the original suit at law, and may be prosecuted in that court without regard to the citizenship of the parties.

*Keith* v. *Levi,* 1 McCrary, 343, [S. C. 2 FED. REP. 743,] was cited on the argument as an authority to the effect that a controversy between citizens of different states, as to the validity of an attachment, constituted a removable case within the meaning of section 639 of the Revised Statutes. But the question of the validity of the attachment in that case arose upon a plea in abatement to the petition in the principal suit, which alleged that the defendant was about to fraudulently dispose of his property, and hence was one of the issues in the main case. The authority is therefore not applicable. Nor do I think that *Watson* v. *Bondurant,* 2 Woods, 166, which was also cited, has any application to the question here presented for adjudication.

On the whole, my opinion is that the proceeding against the garnishee, which it is sought to bring within the jurisdiction of this court by removal after judgment in the original action, is, in the language of the court in *Bank* v. *Turnbull, supra,* merely auxiliary to that action, a graft upon it, and not such an independent, separate suit as may be removed to this court under the removal act of 1875.

Motion to remand granted.